# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>HARRY SANTANA LAMBOY<br><br>Debtor | CASE NO: 14-09530<br><br>CHAPTER 13 |

## DEBTORS' OBJECTION TO CLAIM NO 5 FILED BY OCWEN LOAN SERVICING, LLC

### NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If a timely opposition is filed, the court may schedule a hearing.

### OBJECTION

COME NOW DEBTOR, by and through the undersigned counsel, and very respectfully ALLEGE, STATE and PRAY:

1. On 11/18/2014 Debtor filed a Petition for voluntary relief under Chapter 13 of the Bankruptcy Code.

2. The deadline to file a proof of claim for all creditors was March 31, 2015.

3. On June 26,2015 attorney for debtor filed proof of claim # 4 on behalf of creditor Ocwen Loan Servicing in the amount of $54,110.06 with arrears in the amount of $13,285.84.

4. Creditor Ocwen Loan Servicing, LLC filed proof of claim # 5 in April 15, 2016 in the amount of $56,926.24 with a portion in arrears in the amount of $19,681.14.

5. On December 2, 2014, (docket 10) "secured creditor" U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R3, "a secured creditor in connection with property located at 135 Calle L 135 Base Ramey", (debtor's property), through attorney Ryan Meade filed a Notice of Appearance and Request for Notice.

6. On February 16, 2015 U.S. National Bank Association filed Objection to Confirmation of Debtor's Chapter 13 Plan, (docket 18).

7. Debtor filed a reply to said objection because no supporting document had been filed establishing standing of U.S. National Bank Ass. nor a proof of claim was filed (docket 21).

8. On 6/26/2015, Debtor filed a Motion requesting the Court to entry an order instructing the Trustee to reserve funds in favor of Ocwen, not to distribute the funds until evidence of secured status be provided (docket 33). The Court grant the Motion on July 20,2015 (docket 40).

9. The Order confirming plan dated 6/26/2015 was entered on 7/20/2015. The confirmed plan provided that the amount necessary to cure secured arrears to Ocwen was $13,258.00.

10. The confirmation order is binding upon the debtor and all creditors, 11 U.S.C sec 1327(a). Sanders Confectionery Prods. V. Heller Fin., 973 F.2d 474 (6th Cir. 1992). Once the appeal period has passed, it is res judicata as to all issues which could have been raised in opposition to confirmation. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010).

11. It is important in this context to point out that the plan was confirmed after the the deadline to file claims and that "creditor" was properly notify about the confirmation hearing and the filing of the claim.

12. The plan in this case provides an amount to cure arrears ($13,285.84) of the mortgage loan, creditor is cannot add extra charges or prepetition claims to the ongoing mortgage payments either during the plan or after it has been completed. In re Rizzo-Cheverier, 364 B.R. 532 (Bankr. S.D.N.Y. 2007).

13. On April 11, 2016 attorney Patricia Varela, on behalf of Ocwen Loan Servicing (Docket 44) filed a notice of appearance and on the 15th filed a proof of claim in the amount of $56,926.24 with a portion in arrears of $19,681.14.

PROOF OF CLAIM FILED BY OCWEN

14. The proof of claim filed by Ocwen does not inform who the creditor is.

15. Among the supporting documents that are attached to the claim are:
    a. The Mortgage Note that is payable to the order of R& G Mortgage Corporation includes two allonge that supposedly are attach to the Note.
    b. The first allonge was signed by Secretary of Housing and Urban Development ("HUD") to the order of Ocwen Federal Bank FSB, without recourse of March 7th, 1997. R & G does not endorse the document.
    c. The second allonge was signed by Ocwen Federal Bank FSB, to the order of LaSalle National Bank, as Trustee for the registered holders of BCF L.L.C., Series 1997-R3, in November1, 1997.

16. According to the documents provided, the owner of the loan is La Salle National Bank, although in the claim filed on page 5 there is an entry that read: "Entity taking Title: U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R3.

17. The claim filed does not make clear who owns the loan and therefore has the right to enforce the payment of the loan.

18. There is no evidence either showing the chain of Title of the Note or of conferring Ocwen status to enforce the note or Ocwen any rights under the Note. Also, there is no authorization (no power of attorney, no corporate resolution) showing that Ocwen represents in any way the interest it alleges to claim, "as servicing agent of "the unknown owner of the note".

19. There is no evidence to establish the chain of title of the note. There is no evidence that shows that Ocwen is a party in interest and that It has the authority to recover from the debtor under the instrument and to foreclose on Debtor's Property.

20. The Proof of Claim does not comply with FRBP that Rule 3001(c)(2)(A) Form 410A: Ocwen has failed to itemize the amount of interest and other charges, it only attaches a document with general information that in no way can reasonably be a substitute of Form 410A.

21. As the Committee Notes indicate: "Rather than requiring a home mortgage claimant to fill in blanks with itemized information about the principal, interest, and fees due as of the petition date and the amount necessary to cure a prepetition default, the form **now requires the claimant to provide a loan history that reveals when payments were received, how they were applied, when fees and charges were incurred, and when escrow charges were satisfied.**" http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-attachment-0

22. The attachment that summarizes the claim (page 4 and 5) does

23. not serve any purpose, it contains unidentifiable charges, it does not explain when or how the payments were applied, it does not identify how the interest was computed, it does not explain anything useful to determine if the fees, charges, interest indicated were incurred.

24. Rule 3001 (c)(2)(A) Non-compliance of this results in two consequences: a) No presumption of validity under Rule 3001(f) and b) the sanctions under Rule 3001(c)(2).

WHEREFORE, Debtor respectfully requests that this Honorable Court:
(A) disallow the proof of claim #5 filed by OCWEN and order Ocwen to provide:
   a) Evidence of Security
   b) Since it is not the party appearing in any of the documents it claims to have interest on, Evidence that shows that It is a party in interest and that It has the authority to recover from the debtor under the instrument and to foreclose on Debtor's Property.
   c) Itemization of the total amount claimed providing a complete history of payment separately listing principal, interest, late fees, over-limit charges, bad check fees, etc.

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I, hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: all participants creditors of CM/ECF to Mr. Jose R Carrion, Chapter 13 Trustee, jcarrion@ch13-pr.com, Monsita Lecaroz Arriba, ustp.region21@usdoj.gov; and I hereby certify that I have mailed by US Postal Service the document to non CM/ECF participants as per attached list and to claimant OCWEN Loan Serving, LLC, and to the attorney of the creditor Martinez y Torres Law Offices, P.S.C att. Sarah M Vega Bonilla and Patricia Varela at PO Box 192938 San Juan Puerto Rico 00919-2938, by first class mail.

In San Germán, Puerto Rico on this July 17, 2017.

/s/Elbia I. Vázquez Dávila
ELBIA I. VAZQUEZ DAVILA, Esq.
USDC #208810
CALLE PRINCIPAL #21, URB. EL RETIRO
SAN GERMAN PR 00683
TEL. 892-0300 FAX 888-630-4498
Email: evazquezdavila@yahoo.com

# CREDITORS MAILING LIST

HARRY LUIS SANTANA LAMBOY
CALLE L 135 BASE RAMEY
AGUADILLA PR 00603

ELBIA I. VAZQUEZ DAVILA
LCDA. ELBIA I. VAZQUEZ DAVILA
CALLE PRINCIPAL NUM. 21
URB. EL RETIRO
SAN GERMAN, PR 00683

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA PA 19114-0326

OCWEN LOAN SERVICES
PO BOX 24738
WEST PALM BEACH FL 33416-4738

OCWEN LOAN SERVICING
1661 WORTHINGTON ROAD, SUITE 100
WEST PALM BEACH FL 33409