IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br> HARRY LUIS SANTANA LAMBOY<br>Debtor<br><br>U.S. BANK NATIONALA ASSOCIATION as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle National Bank, as Trustee for BCF L.L.C. Mortgage Pass-Through Certificates, Series 1997-R3<br><br>Movant<br><br>v.<br>HARRY LUIS SANTANA LAMBOY<br>JOSE CARRION MORALES<br>Chapter 13 Trustee<br><br>Respondents | CASE NO. 14-09530<br>CHAPTER 13<br><br>INDEX<br><br>362(d)(1) d(2)<br><br>Relief from Stay for cause |

## ANSWER TO MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE COURT:**

    **COMES NOW** the Debtor through the undersigned counsel, and very respectfully alleges, states and prays as follows:

1. Paragraph one is a matters of law and does not require a responsive answer.
2. Paragraph 2 is denied, there is no cause for the lifting of stay.
3. Paragraph 3 is denied in part, debtor's chapter 13 petition was filed on November 18, 2014.
4. Paragraph 4,8, and 15 are denied for lack of information and belief. Upon reasonable inquiry the identity of the secured creditor is unknown as is unknown what entity is the holder of the Mortgage Note.
5. Paragraph 5, 7 , 10 and 11 are denied.

6. Paragraph 6 is denied in part, secured claim was disallowed (docket 59), Trustee is not disbursing any amount to any "secured" creditor.

7. Paragraph 9 is denied, under Rule 803(8 ) of Federal Rules of Evidence, Altisource Broker's Price Opinion is not a public record.

8. Paragraph 12 is denied as a baseless conclusion of facts and the request violates the due process of the Debtor.

9. Paragraph 13 is denied, Debtor is exempt under State Law to pay property taxes.

10. Paragraph 14 does not require a responsive answer.

11. Paragraph 15 is denied.

## AFFIRMATIVE DEFENSES

1. The Motion for Relief from Automatic Stay was not properly served upon the Debtor as required by the Federal Rules of Bankruptcy Procedure (Rule 8011,9014) and Local Rule 400-1 (a)(b)(c). As it is inferred from the docket, the Certificate of Service filed by Movant is defective. (See docket 81). Movant did not notify the appearing counsel to her address in record, instead Movant sent a copy of the Motion and Notice to the address of Debtor, (see attachment I). On April 5, 2019 Debtor came to our office and deliver the envelope with the Motion and Notice. This Court may not hear this matter until the parties are properly served and the Certificate of Service correctly filed.

2. The evidence provided by Movant to establish their right to payment does not demonstrate that they are the entity entitle to enforce the Mortgage Note and therefore with the right to foreclosed. The following procedural facts in this case make it impossible for the Debtor or the Court to know who the holder of the Mortgage Note with the right is to foreclose:

    A) On December 2, 2014, an attorney identified as "Ryan C Meade", filed a Notice of appearance on behalf of "U.S. Bank National Association as Trustee for the Certificate Holders of the Mortgage Pass-Through Certificates 1997-R3". and requested that "the following be added to the Court's master mailing list: Ryan Meade, Esq. Quintairos, Prieto, Wood & Boyer, PA 1000 Blackbeard's Hill Suite 10 St. Thomas, Virgin Islands 00802." (docket 10).

    B) On February 16, 2015, Ryan C. Meade – again, on alleged behalf of "U.S. Bank National Association, as Trustee for the Ceticateholders of the Mortgage Pass-through Certificates 1997- R3" – filed an "Objection to Confirmation of

       Plan" (Docket # 18), claiming that Debtor owed this alleged entity the amount of $19,681.14 as arrears and claiming that this unknown entity was "the holder of the Note and Mortgage "and it would be filing a Proof of Claim before March 30, 2015.

   C) No Proof of claim was filed by "Creditor". Debtor filed a Proof of Claim on behalf of Creditor and the case was confirmed. No entity appears at the Confirmation Hearing.

   D) On April 11, 2016, Patricia Varela filed a "Notice of Appearance", on behalf of "Ocwen Loan Servicing, LLC("Deutsche"). As if it were not confusing enough what was filed before, now Ocwen was suddenly "Deutsche," suddenly "a creditor in the above captioned case" (See Paragraph 1 and 2 of Docket # 44).

   E) On April 15, 2016, missing the deadline by more than 12 months, OCWEN filed Proof of Claim Number 5. In part 1, Owen identifies itself as "current creditor". Sara M. Vega Bonilla signs the Claim as "Attorney for Creditor" (See Page 3 of Proof of Claim no. 5).

   F) Debtor objected POC number 5, Ocwen never supplemented its Response to the Objection (as was the Order of the Court, docket 55) and the objection was granted. The claim was disallowed. (docket 59).

3. The property is necessary to an effective reorganization of the debtor. Debtor lives in the property and have his artesian studio in his home.

4. Without conceding the admissibility of the valuation report, according to the information provided by Movant, the property has an approximate value of $142,000.00 while the disallowed claim number 5 was in the amount of $56,926.00. The debtor has substantial equity in such property and Movant has been afforded adequate protection of its interest.

5. Movant has not shown the irreparable harm necessary to justify lifting the stay with respect to its foreclosure.

6. Payments were being made to Ocwen Loan Servicing, entity that appears as "creditor" in the proof of claim disallowed by the Court,

7. Movant has not demonstrated that Debtor's loan is part of the pool of loans of BCF L.L.C., Past through Certificate, Series 1997-R3.

8. The chain of title on the Note, appears to be broken.

9. Debtor reserves the right to present any other affirmative defense as a result of the discovery that will be requested in this matter.

10. There is no cause to terminate the stay within 30 days .

Wherefore Debtor prays that this Court rules that U.S.National Bank Association is not the holder of the Mortgage Note with the right to enforce the Note and to any such further relief as this Court deems just and proper.

Respectfully submitted   in San German, Puerto Rico on this day April 9, 2019.

/s/ Elbia I. Vàzquez Dàvila
ELBIA I. VAZQUEZ DAVILA, Esq.

### CERTIFICATE OF  ELECTRONIC FILING  AND SERVICE

I, hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Trustee in this case and participant creditors of CM/ECF in this case, National Bank Association and I hereby certify that I have mailed by US Postal Service the document to the Debtor at his address of record.
In San Germán, Puerto Rico on April 9 ,2019.

/s/ Elbia I. Vàzquez Dàvila
ELBIA I. VAZQUEZ DAVILA, Esq.
USDC #208810
Calle Principal Núm. 21, Urb. El Retiro
San Germán, Puerto Rico 00683
TEL. 892-0300 FAX: 888-630-4498
Email:evazquezdavila@yahoo.com

## CREDITOR MAILING LIST

HARRY LUIS SANTANA LAMBOY
CALLE L 135 BASE RAMEY
AGUADILLA, PR 00603

ELBIA I. VAZQUEZ DAVILA
LAW OFFICE
CALLE PRINCIPAL NUM. 21
URB. EL RETIRO
SAN GERMAN, PR 00683

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA, PA 19114-0326

OCWEN LOAN SERVICES
PO BOX 24738
WEST PALM BEACH, FL 33416-4738

OCWEN LOAN SERVICING
1661 WORTHINGTON ROAD ,
SUITE 100
WEST PALM BEACH, FL 33409